# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

JERRY SPRINGSTEEN, :
        Plaintiff, :
    v. : Civ. No. 19-1931-CFC
PROCTOR AND GAMBLE :
COMPANY and ASTRA ZENECA :
MANUFACTURING COMPANY, :
        Defendants. :

---

Jerry Springsteen, FMC Rochester, Rochester, Minnesota, Pro Se Plaintiff.

**MEMORANDUM OPINION**

July 13, 2021
Wilmington, Delaware

CONNOLLY, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Jerry Springsteen, a civilly committed individual at FMC Rochester in Rochester, Minnesota, filed this action as "product liability" pursuant to 15 U.S.C. § 1102. (D.I. 2 at 2) He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6) The Court proceeds to review and screen the matter pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II. BACKGROUND

"The following facts are taken from the Complaint and assumed to be true for purposes of screening the case. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Plaintiff alleges that he has used Defendants' dangerous and harmful products (*i.e.*, Haldol and Omeprazoale) which caused him kidney failure, kidney disease, mental relapse of dementia, stress disorder, and deep depression which were "irreversible" as found by the Food and Drug and Administration in 2003, 2006, 2009, and 2012. (D.I. 2 at 3) Plaintiff seeks five million dollars in compensatory damages and five million dollars in punitive damages. (*Id.* at 4)

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must

1

accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when deciding Federal Rule of Civil Procedure 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismiss for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief can be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of any well-pleaded factual allegations and then determine whether those allegations plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

IV. **DISCUSSION**

A. **Unknown Statute**

Plaintiff filed this action pursuant to "15 U.S.C. Section 1102." (D.I. 2 at 4) The Court is unable to identify the statute upon which Plaintiff relies. Moreover, his assertions of alleged wrongdoing by Defendants consist of conclusory statements and amount to nothing "more than [ ] unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Iqbal*, 556 U.S. at 678. "Mere conclusory statements, do not suffice." *Id.* The Complaint simply does not meet the pleading requirements of *Twombly* and *Iqbal*. Accordingly, it will be dismissed.

As pled, the Complaint fails to state a claim as it lacks an arguable basis in law or in fact. It will be dismissed as frivolous and for failure to state claims upon which relief may be granted.

B. **Amendment**

While it is far from clear that venue is appropriate in this district, Plaintiff will be given leave to amend since it appears plausible that he may be able to articulate a claim against defendants or name alternative defendants. *See O'Dell v. United States Gov't*, 256 F. App'x 444 (3d Cir. 2007) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

V. **CONCLUSION**

For the above reasons, the Court will: (1) dismiss the Complaint as legally

frivolous and for failure to state claims upon which relief can be granted pursuant 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); and (2) give Plaintiff leave to file an amended complaint.

An appropriate Order will be entered.